# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

_____

CHRIS GILLAND, PAUL W. FERRELL,
ANTHONY BUSE, BUCK FRANKS and
TARVIS D. DAVIS,

    Plaintiffs,

v.                                        Case No. **3:18-CV-135-MPM-RP**

CITY OF BALDWYN, MISSISSIPPI,

    Defendant.

_____

## COMPLAINT UNDER THE FLSA
_____

Plaintiffs Chris Gilland, Paul W. Ferrell, Anthony Buse, Buck Franks and Tarvis D. Davis bring this action against Defendant City of Baldwyn, Mississippi under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for failure to pay overtime compensation and state law claims for unjust enrichment.

## I. JURISDICTION

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims.

## II. FACTS

### A. Parties

3. Plaintiff Chris Gilland is an adult resident of Belden, Mississippi. During the applicable statutory period, Plaintiff Gilland worked for Defendant as a K9 handler, narcotic

investigator and patrol officer.

4. Plaintiff Paul W. Ferrell is an adult resident of Baldwyn, Mississipi. During the applicable statutory period, Plaintiff Ferrell worked for Defendant as a patrol officer.

5. Plaintiff Anthony Buse is an adult residen tof Baldwyn, Mississippi. During the applicable statutory period, Plaintiff Buse worked for Defendant as a patrol officer

6. Plaintiff Buck Franks is an adult resident of Baldwyn, Mississippi. During the applicable statutory period, Plaintiff Franks worked for Defendant as a patrol officer.

7. Plaintiff Tarvis D. Davis is an adult resident of Houston, Mississippi. During the applicable statutory period, Plaintiff Davis worked for Defendant as a patrol officer, corporal and sergeant.

8. Defendant City of Baldwyn, Mississippi is a municipality formed and oragnized under Mississippi law within Lee County, Mississippi and with parts of the municipality in Prentiss County, Mississippi. Mr. Michael James serves as the mayor of the City of Baldwyn, Mississippi.

9. Defendant City of Baldwyn, Mississippi is a public entity covered by the FLSA, 29 U.S.C. § 203(d), (x).

10. At all relevant times herein, Defendant City of Baldwyn, Mississippi was an "employer" of the Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

## B. Factual Allegations

11. Defendant City of Baldwyn, Mississippi operates the Baldwyn Police Department, located at 920 N. 4th Street, Baldwyn, Mississippi 38824.

12. Plaintiff Gilland has been employed by Defendant since approximately April 23, 2015. He initially worked as a patrol officer. On or around 2016, he worked as a K9 handler and narcotic investigator. In 2017, Plaintiff Gilland began working as a K9 handler.

13. Plaintiff Gilland generally works, over the course of two (2) weeks, five (5) days during the first week and two (2) days during the second week. Throughout his employment, he has worked in excess of eighty-four (84) hours over a two (2) week period without receiving all of the straight time and overtime compensation for all hours worked. Throughout his employment, he was paid between $14.01 and $15.93 per hour.

14. Plaintiff Ferrell has been employed by Defendant since approximately September 2015. Plaintiff Ferrell worked from September 2015 to approximately April 2017 as a patrol officer. Plaintiff Ferrell began working for Defendant again in November 2017 as a patrol officer.

15. Plaintiff Ferrell generally works, over the course of two (2) weeks, five (5) days during the first week and two (2) days during the second week. Throughout his employment, he has worked in excess of eighty-four hours (84) over a two (2) week period without receiving all of the straight time and overtime compensation for all hours worked. Throughout his employment, he was paid $14.01 per hour.

16. Plaintiff Buse has been employed by Defendant as a patrol officer since approximately 2011.

17. Plaintiff Buse generally works, over the course of two (2) weeks, five (5) days during the first week and two (2) days during the second week. Throughout his employment, he has worked in excess of eighty-four (84) hours over a two (2) week period without receiving all of the straight time and overtime compensation for all hours worked

18. Plaintiff Franks has been employed by Defendant since approximately August 2013. From approximately August 2013 to November 2016, he worked as a part time officer. Plaintiff Franks began working as a full-time officer on or around November 2016.

19. Plaintiff Franks generally works, over the course of two (2) weeks, five (5) days

during the first week and two (2) days during the second week. Throughout his employment, he has worked in excess of eighty-four (84) hours over a two (2) week period without receiving all of the straight time and overtime compensation for all hours worked. Throughout his employment, he was paid between $10.00 and $14.01 per hour.

20. Plaintiff Davis has been employed by Defendant since approximately October 14, 2014. Plaintiff Davis began working as a patrol officer and was promoted to corporal in approximately 2016. On or around December 6, 2017, he began working as sergeant.

21. Plaintiff Davis generally works, over the course of two (2) weeks, five (5) days during the first week and two (2) days during the second week. Throughout his employment, he has worked in excess of eighty-four (84) hours over a two (2) week period without receiving all of the straight time and overtime compensation for all hours worked. Throughout his employment, he was paid between $14.01 and $15.23 per hour.

22. Plaintiffs utilize a time clock and handwritten "yellow sheet" logs to track all time worked.

23. Despite utilizing a time clock and handwritten logs, Defendant has historically only compensated Plaintiffs for eighty (80) hours of work over the course of a two (2) week period, despite Plaintiffs being scheduled for eighty-four (84) or more hours per pay period.

24. Despite maintaining time records, Defendant deducted and manipulated actual time worked from Plaintiffs' time cards and would not count time worked that was noted on the handwritten time logs in calculating Plaintiffs' weekly pay.

25. Defendant intentionally altered and manipulated time sheets and work records to reduce the total number of hours worked by the Plaintiffs during a two (2) week pay period.

26. Defendant intentionally made deductions from Plaintiffs' pay and reduced

4

Plaintiffs' hourly rate if Plaintiffs worked less than eighty-four (84) hours over the course of two (2) weeks.

27. Plaintiffs frequently made complaints about not receiving straight time and overtime compensation to Defendant, yet Defendant continued its illegal pay and time-shaving practices.

28. To the extent Defendant claims its pay practices are valid, Defendant has failed to adopt and comply with a valid 207(k) overtime payment system pursuant to 29 U.S.C. § 207(k) and its implementing regulations.

29. The exact amount of damages sustained by the Plaintiffs is unknown and not capable of being ascertained with any certainty at this time. Plaintiffs will amend their complaint as necessary as discovery proceeds in this case.

### III. CAUSES OF ACTION

**Count 1: Unpaid Overtime Under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**

30. Plaintiffs hereby incorporate paragraphs 1-29, as if fully set forth herein.

31. The FLSA requires that covered employees, such as Plaintiffs, receive overtime compensation "not less than one and one-half times" their regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

32. During the applicable statutory period, Defendant suffered and permitted Plaintiffs to routinely work more than forty (40) hours per week without overtime compensation.

33. At all times during the applicable statutory period, Defendant was aware that Plaintiffs continued to work in excess of forty (40) hours per week on a regular basis because they were scheduled to work more than forty (40) hours per week and maintained records noting overtime worked.

34. As a result of its actions and the conduct described above, Defendant has violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, with respect to Plaintiffs. Thus, Plaintiffs suffered a loss of wages.

35. Additionally, Defendant was well aware that it was required to pay Plaintiffs overtime, evidenced by the fact that Defendant regularly scheduled Plaintiffs to work in excess of forty (40) hours per week.

36. The foregoing conduct on the part of Defendant constitute a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of federal law.

### Count 2: Breach of Contract Under Mississippi State Law

37. Plaintiffs hereby incorporate paragraphs 1-29, as if fully set forth herein.

38. Defendant contractually agreed to pay, and was required to pay, Plaintiffs for all hours worked. Plaintiffs worked hours for which they were not properly compensated, and Defendant has withheld wages, which in equity and good conscience belong to Plaintiffs.

39. Failing to pay all straight time and non-overtime hours to Plaintiffs has caused Plaintiffs to suffer financial harm. As a result, Plaintiffs have suffered a loss in pay.

40. Thus, Plaintiffs are entitled to "gap time" wages owed for all non-overtime hours worked.

### Count 3: Quantum Meruit / Unjust Enrichment Under Mississippi State Law

41. Plaintiffs hereby incorporate paragraphs 1-29, as if fully set forth herein.

42. Under the doctrine of quantum meruit / unjust enrichment, Defendant contractually agreed to pay, and was required to pay, Plaintiffs for all hours worked. Plaintiffs rendered valuable services to Defendant by working hours for which they were not properly compensated, and

6

Defendant has withheld wages, which in equity and good conscience belong to Plaintiffs.

43. Failing to pay all straight time and non-overtime hours to Plaintiffs unjustly enriched Defendant at the expense of Plaintiffs and in violation of Mississippi law.

44. As a result, Plaintiffs have suffered a loss in pay.

45. Plaintiffs are entitled to "gap time" wages for non-overtime hours.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs in this action demands:

1. Judgment against Defendant for an amount equal to unpaid back wages at the applicable overtime rates;

2. Judgment against Defendant that its violations of the FLSA were willful;

3. An equal amount to the overtime damages as liquidated damages as required by the FLSA;

4. Judgment against Defendant for an amount equal to Plaintiffs' unpaid straight time wages;

5. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

5. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

7. An order requiring Defendant to preserve all electronically stored information relevant to this lawsuit; and,

8. For all such further relief as the Court deems just and equitable.

7

Respectfully submitted,

/s/ William B. Ryan
William B. Ryan – MS Bar #99667
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
Email: billy@donatilaw.com

ATTORNEY FOR PLAINTIFFS

Dated: 6.13.2018

8